**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor Marvin DANIEL, Defendant-
Appellant.**

**No. 19193.**

United States Court of Appeals,
Sixth Circuit.

Feb. 26, 1970.

Arthur Tarnow, Detroit, Mich., for appellant, Carl Levin, Detroit, Mich., Defenders' Office Legal Aid and Defender Assn. of Detroit, on brief.

Ralph B. Guy, Jr., Dearborn, Mich., for appellee, James H. Brickley, U. S. Atty., Kenneth G. McIntyre, Asst. U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS* and PECK, Circuit Judges.

PER CURIAM.

The Central Branch of the Bank of the Commonwealth in Detroit, Michigan, was robbed by two men on December 5, 1967. The robbers escaped in a stolen automobile with approximately $2,254 in federally insured bank funds. Appellant and his co-defendant were arrested by FBI agents in Buffalo, New York. Appellant made a confession of guilt to Special Agent Richard F. Schaller, after having been advised fully of his constitutional rights under the *Miranda* rule. Agent Schaller testified as a witness for the prosecution.

In his argument to the jury the attorney for appellant's codefendant made a concerted attack upon the testimony of Agent Schaller. In his closing argument the Assistant United States Attorney said: "Also, Schaller testified that he —and I believe him, and I submit to you that this aspect of his testimony is worthy of belief—"

At this point defense counsel interposed an objection and asked the Court to instruct Government counsel "to leave out his personal opinion from now on."

The sole ground asserted for reversal is the above-quoted comment of Government to the jury.

The Government concedes that it was improper for the Assistant United States Attorney to make this comment. It was stated during oral argument that all members of the staff of the United States Attorney for the Eastern District of Michigan have been cautioned not to make any statements to the jury ex-

* Judge Edwards did not participate in the decision in this case.

pressing any opinion as to whether they believe that a particular witness is telling the truth. We agree that such comments by a prosecuting attorney generally are improper.

However, in the context of the present case, we hold that the Government attorney did not say or insinuate that his statement was based on personal knowledge or on anything other than the testimony of witnesses before the jury in the case at bar. The District Court charged the jury that: "You as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves."

We conclude that this statement of the prosecuting attorney under the facts and circumstances of the present case, did not constitute reversible error. Lawn v. United States, 355 U.S. 339, 359, n. 15, 78 S.Ct. 311, 2 L.Ed.2d 321; Henderson v. United States, 218 F.2d 14, 19 (6th Cir.).

Affirmed.